**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 11-7269

WILLIAM ARTHUR BROWN,

Petitioner - Appellant,

v.

SYDNEY JEROME LACKEY, Vice Narcotics Detective; CHARLIE T. DAVIS, Vice Narcotics Detective; LUKE J. DONAHUE, Vice Narcotic Police; RODNEY D. MONROE, Chief of Police; R. G. BUENING, Vice Detective, CMPD; M. J. PITCHER, Vice Detective, CMPD; J. H. ALMOND, Vice Detective, CMPD; P. B. FOUSHEE, Vice Detective, CMPD; W. O. CAREY, Vice Detective, CMPD; M. GRIMSLEY, Vice Detective, CMPD; ELLIE COWDER, Assistant District Attorney; SPENCER MARYWEATHER, Assistant District Attorney; TERREA PELLEN, Assistant District Attorney; ANDREW MURRAY, District Attorney; NATLIE G. SIELAFF, Assistant District Attorney,

Respondents - Appellees.

Appeal from the United States District Court for the Western District of North Carolina, at Charlotte. Graham C. Mullen, Senior District Judge. (3:11-cv-00414-GCM)

Submitted: January 31, 2012          Decided: February 3, 2012

Before NIEMEYER, KING, and GREGORY, Circuit Judges.

Affirmed by unpublished per curiam opinion.

William Arthur Brown, Appellant Pro Se.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

William Arthur Brown appeals the district court's order dismissing without prejudice his 42 U.S.C. § 1983 (2006) complaint under 28 U.S.C. § 1915(g) (2006) because he had three prior cases dismissed as frivolous, malicious, or for failure to state a claim, and Brown did not allege he was in danger of serious physical injury. We have reviewed the record and find no reversible error. Accordingly, we affirm for the reasons stated by the district court.[*] Brown v. Lackey, No. 3:11-cv-00414-GCM (W.D.N.C. Sept. 9, 2011). We deny Brown's motion for appointment of counsel, his motions for joinder, and motion for supplemental joinder, and dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED

---

[*] Because Brown paid his filing fee in full in this court, he does not seek to proceed under the Prisoner Litigation Reform Act. Thus, we have no occasion to analyze whether Brown's prior actions would qualify him as a three-striker in this Court under 28 U.S.C. § 1915(g).